## GOTTSBERGER *vs.* SMITH.

*In the matter of the Estate of* FRANCIS O'NEIL, *deceased.*

When letters of collection are superseded, and the collector is cited to account, he may be compelled to deliver to the party succeeding to the administration of the estate, all the property of the deceased in his hands; and it is competent for the Surrogate, on the accounting, to pass upon any claim of the collector to property belonging to the deceased at the time of his death, of which the collector acquired title during the period of his collectorship. But where the collector claims title to certain leasehold estate of the deceased, by virtue of a lease from the owner of the fee, made prior to his appointment as collector, the Surrogate has not jurisdiction on the accounting of the collector to try the validity of a title thus acquired, before the fiduciary relations of the collector with the estate commenced.

> STILLWELL & SWAIN, HARRIS WILSON, *for Administrators.*
> G. C. CARPENTIER, JOHN GRAHAM, *for Collector.*

THE SURROGATE. The testator died in March, 1847; and, the probate of his will being contested, Thomas S. Henry was appointed collector by the Surrogate, on

May 1st, 1847. His letters having been subsequently revoked, George J. Smith was appointed collector, February 16, 1850.

The will having been admitted to probate, Gottsberger and O'Neil were appointed administrators with the will annexed, January 11, 1851. Smith, the collector, was thereupon cited to account, by the administrators, and on the filing of his account, objections were interposed, on the ground that the collector had not accounted for the rents of certain premises of the testator, which had been received by him, and for which it was alleged he was chargeable as collector.

It appears that the testator was in the possession of the premises at the time of his death; but the collector sets up title in himself by virtue of a lease from the owners of the property, made prior to his appointment as collector, and posterior to the testator's decease. It is alleged that this lease was obtained by him when he was the agent of the former collector, Mr. Henry, and when, from his fiduciary relations to the estate, he could not deal therewith so as to acquire a valid title for his own benefit. It is also contended that he was a co-legatee, with Daniel O'Neil, of the leasehold premises, and that his acts in regard to the property enured to the advantage of his co-legatee.

The special letters of administration issued to a collector, authorize the preservation and collection of the goods, chattels, personal estate, and debts, of the deceased; and when his authority is superseded, the collector may be compelled to deliver to the executor or administrator all the property and money of the deceased in his hands, and to render an account, on oath, of all his proceedings. The important question is presented in this case, whether it is competent for the Surrogate, on the accounting of a collector, to pass on the validity of his claim of title to property alleged to have belonged to the testator at the time of his death. Had the title been acquired during the period of his collectorship, there could be no reasonable doubt, I think, that, in

passing upon his account, the Surrogate possessed authority to supervise all his acts within the limit of his special administration, determine upon their validity and effect, and the extent of his responsibility in consequence thereof. If the collector, for example, had, during the existence of his trust relations with the estate, renewed a lease in his own name, and, on being called to account, were to claim the benefit of the renewal, the Surrogate should not hesitate to pronounce upon the transaction, hold the collector responsible for the rents, and require him to transfer the lease to the executor or administrator. But where the title was acquired, or the facts upon which the claim of title is based, transpired, before the fiduciary relations of the claimant as collector, by virtue of his letters, commenced, is it competent for the Surrogate, on the accounting of the collector, to consider and pass upon the validity of that title? How is the matter brought within the jurisdiction of the court? Not, certainly, because the dispute is about the estate of the deceased; for if a third person, a stranger, had, previous to the collectorship, procured from the owners a new lease, I could not try his title on the accounting of the collector. This is conceded by the counsel for the administrators; but they urge that the fact that the new lessee happens to be the collector, brings the requisite parties before me; and, in the next place, they insist that the decision of the question of title is essential to a correct accounting. But the case is not strictly analogous to the accounting of an administrator. There, the administrator represents the estate at the time of the accounting; and if he claims title against the estate, the Surrogate might, perhaps, from the necessity of the case, pass upon the question. Here, the estate is represented by the administrators, and they may try the title at law: wherefore it is not indispensable that the controversy should be determined before me. It follows that, in the present instance, I have not jurisdiction, by virtue of any acts of the collector, during the period of his collectorship, nor by reason of any abso-

lute necessity existing for the consideration of the question before adjusting and settling the collector's accounts. If Smith had received the rents of this property during his collectorship, as collector, of course he might be held to account for them in that capacity. But he denies that, and it is not proven. If he was in possession before his appointment, under claim of title in himself, as against the estate, the presumption is that he continued to collect the rents in his own right, and not under his letters. It is admitted that if there had been an ostensible outstanding estate in Smith, at the time of the testator's death, it might very properly be contended that the claim of the administrators should be tried before another tribunal. If so, then the fact that the same person is claimant and collector is not enough to give me jurisdiction. This makes the whole question to depend upon the circumstance that the adverse title was acquired subsequent to the testator's decease, and there is obviously no element in that naked fact which gives jurisdiction. I am inclined, at all times, to a rigorous exercise of the powers of the court in holding trustees to a strict accountability for all their acts during the period of their trust; but the court should proceed with great delicacy in exercising incidental jurisdiction, when there exists an undoubted remedy for the alleged evil elsewhere, especially when the rights of sureties on the official bond of the officer sought to be made liable, may be seriously affected. I must, in consonance with these views, decline trying the right of the collector to the leasehold estate in question, leaving the parties to their action in another court.